(No. 36308.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN LOVE, Plaintiff in Error.

*Opinion filed March 23, 1962.*

FLOYD B. MANILOW, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

Defendant, John Love, was convicted after a trial before the criminal court of Cook County, sitting without a jury, of the crime of robbery and sentenced for a term of five to ten years to the Illinois State Penitentiary. A writ of error has been sued out of this court and the cause

is here for review. The contention of the defendant on review is that the evidence in the trial court was not sufficient to support a conviction and that the trial court could not have found from the evidence that the defendant was guilty beyond a reasonable doubt.

The facts in this case stem from a supposed robbery of John Stenneth in Chicago on the afternoon of June 17, 1960. Testimony given indicates that defendant and Stenneth were talking together in front of a sidewalk doorway and that other parties coming down the stairway seized Stenneth, beat him and took items from his pockets. No question exists but that defendant had been talking to Stenneth prior to the molestation and no question exists but that defendant watched the manhandling which was done in the doorway. Stenneth charged that defendant pushed him back in the doorway, helping the other parties to grab him so that the robbery could take place. Specific facts which were established at the trial are used by the defendant on review in an attempt to show the insufficiency of the evidence. There is, for example, evidence that the defendant and Stenneth had been acquainted since serving jail terms in the 1940's and there is no indication that Stenneth named the defendant as one of those involved in the robbery when Stenneth reported the offense the same afternoon of the event. Defendant puts emphasis on the fact that Stenneth reported a robbery of a different amount of cash than the amount he stated was taken when testifying during the trial, and defendant further emphasizes a mistake Stenneth made in telling where the supposed robbery took place. We must assume that defendant is contending that the lack of reporting defendant's name by Stenneth together with the other inconsistencies shows the insufficiency of the evidence. The additional contention is made that defendant's actual participation was not shown beyond a reasonable doubt. After carefully examining the record in this case we cannot agree. Stenneth testified that

he was standing near or in a sidewalk doorway talking to defendant when he was aware of parties coming toward the doorway from the inside of the building. He sought to step aside but contends that defendant "just pushed me back in the entrance," at which time other parties seized him and when Stenneth sought to pull away he stated "I started to pull, tried to get away to come back on the outside and he [defendant] pushed me back." Stenneth further testified that the defendant stood nearby during the encounter and for a time at least stood facing the street, in the doorway, facing away from Stenneth and those who were attacking him. Stenneth testified that money was taken from his person. A disinterested witness, Eddie Stokes, saw the defendant shove Stenneth into the doorway and went to call the police. Stokes saw two men run from the doorway and saw defendant walk away from the location.

After the incident Stenneth reported the robbery to the police but there is no evidence that he mentioned defendant. Stokes later saw defendant on the street and had him arrested. Stenneth identified defendant as one of the robbers. Stenneth had known the defendant prior to June 17, 1960, but there is no evidence as to how closely acquainted the two men were. There is evidence that Stenneth was rather severly beaten and the immediate effect of a condition resulting therefrom was for the trial court's evaluation in deciding what evidence was to be believed. Defendant testified that he was too shocked to move and was afraid to help stop the incident which he admitted took place.

We are not in a position to conjecture why Stenneth did not ask that the defendant be arrested when reporting the crime but the trial court was well aware of this question when evaluating the reliability of the evidence. The mistakes as to place and amounts are not of such importance that the trial court's evaluation will be disturbed. If the trial court, which it obviously did, decided to believe the testimony of both Stenneth and Stokes it could decide from the

facts as set forth herein that the defendant participated in the complained-of event. The pushing by the defendant was inconsistent with the practice of an innocent man, and his position in the doorway, during the scuffle, indicates a participation as a lookout or one helping keep Stenneth in the doorway.

This court will not disturb the finding of a trial court unless the evidence is so contrary to the verdict or so unreasonable, improbable or unsatisfactory as to justify a reversal because of the failure to prove guilt beyond a reasonable doubt. (*People v. Woodruff,* 9 Ill.2d 429.) The evidence in the present case is such that reversal by this court would not be proper.

The judgment is affirmed.

*Judgment affirmed.*